UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                    CASE NO. 6:14-cr-282-Orl-28GJK

EUGENE CHISOLM

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by and through the undersigned Assistant United States Attorney, files its sentencing memorandum and respectfully requests that this Court sentence the defendant to a guidelines term of imprisonment of 262 months. The Government also opposes any defense objection to the United States Probation Office's designation of the Defendant as an Armed Career Criminal ("ACC"), pursuant to 18 U.S.C. § 924(e), as set forth in the Defendant's final Presentence Report ("PSR") (Doc. 49). A guidelines sentence in this case will achieve the purposes of sentencing set forth in 18 U.S.C. § 3553(a) because it will reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public from further crimes of the Defendant.

## FACTUAL AND PROCEDURAL HISTORY

On March 24, 2015 and March 25, 2015, a jury trial was held in this case before the Honorable John Antoon II, Senior United States District Judge for the Middle District of Florida. Docs. 31 and 32. On March 25, 2015, the jury reached a verdict and found the Defendant guilty of one count of possession of a firearm

by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and one count of possession with intent to distribute cocaine or cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).  Doc. 36.  On this same date, the Court adjudicated the Defendant guilty of these same offenses.  Doc. 32.

The PSR summarizes the facts of the offenses the Defendant has been convicted of.  Doc. 49 at ¶¶ 8 through 21.  In substance, the evidence and testimony presented at the Defendant's trial revealed that on March 13, 2014, in Seminole County, Florida, in the Middle District of Florida, the Defendant, who had previously been convicted of a felony, possessed, inside his residence: (1) a loaded Smith & Wesson .40 caliber pistol;  (2) 28.53 grams of cocaine; (3) 8.92 grams of cocaine base; (4) digital scales used for weighing narcotics; and (5) a fork and metal pot used for cooking cocaine base.  Id. at ¶¶ 13, 14, 16, 17, and 21.  The jury found that the Defendant possessed the above-described controlled substances with an intent to distribute them.  Doc. 36.

## DEFENSE OBJECTIONS TO THE PSR

The Defendant objects to Paragraph 34 of the PSR.  Doc. 49 at 23-25.  In substance, the Defendant contends that, in light of the recent Supreme Court decision in Johnson v. United States, 135 S. Ct. 939 (Jan. 9, 2015), he is not an ACC.  The Government opposes this objection and argues that the Defendant remains an ACC, based on a "preponderance of the evidence," notwithstanding the change in the law in Johnson.  The Armed Career Criminal Act ("ACCA") sets a mandatory minimum sentence of 15 years if a defendant violates 18

2

U.S.C. § 922(g) and has at least three prior convictions for either a "serious drug offense" or a "violent felony." 18 U.S.C. § 924(e)(1). In Johnson, the Supreme Court held that ACCA's residual clause, i.e., the provision that defines a "violent felony" to include an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another," 18 U.S.C. § 924(e)(2)(B)(ii), is void for vagueness.  See Johnson, 135 S. Ct. at 2563.  The Court, in Johnson, did not, however, strike the other provisions of the ACCA, including the "four enumerated offenses" that precede the residual clause, 18 U.S.C. § 924(e)(2)(B)(ii), "or the remainder of the Act's definition of a violent felony." Id. The Court explicitly noted that its decision "does not call into question application of the [ACCA] to the remainder of the Act's definition of a violent felony," including a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another," 18 U.S.C. § 924(e)(2)(B)(i) (hereinafter referred to as the "elements" clause), and a felony offense that "is burglary, arson, or extortion, [or] involves use of explosives," 18 U.S.C. § 924(e)(2)(B)(ii) (hereinafter referred to as the "enumerated offense" clause). Id.  Johnson also had no effect on the ACCA definition of "serious drug offense."   Thus, the Defendant remains an ACC based on his three or more convictions for either a "serious drug offense" or a "violent felony," so long as his violent felonies qualify under the aforementioned elements clause or enumerated offense clause, which were untouched by the Johnson decision.

As noted in the PSR, the Defendant has three such prior qualifying convictions: (1) Robbery (Strong Arm), Hillsborough County Circuit Court, Case No. 86-1562CF, a felony crime of violence, sentenced on October 23, 1986; (2) Burglary, Hillsborough County Circuit Court, Case No. 86-3340CF, a felony crime of violence, sentenced on May 19, 1986; and (3) Sale of Cocaine, Seminole County Circuit Court, Case No. 91-000217CFA, a felony controlled substance offense, sentenced on February 5, 1992.  Doc. 49 ¶ 34.   The Defendant's objection is premised upon his two qualifying convictions for crimes of violence for the robbery and the burglary.  Specifically, the Defendant argues that these two convictions cannot be considered "violent felonies" in light of the Johnson decision.

"[I]n determining whether a prior conviction is a qualifying offense for enhancement purposes, [the Court should] apply a 'categorical' approach—that is, [to] look no further than the fact of conviction and the statutory definition of the prior offense." United States v. Llanos–Agostadero, 486 F.3d 1194, 1196–97 (11th Cir.2007) (citations omitted), cert. denied —— U.S. ——, 129 S.Ct. 902, 173 L.Ed.2d 119 (2009). The Court may examine the underlying facts of the conviction only if "ambiguities in the judgment make the crime of violence determination impossible from the face of the judgment itself." United States v. Harris, 586 F.3d 1283, 1286 n.1 (11th Cir.2009) (quoting United States v. Beckles, 565 F.3d 832, 842–43 (11th Cir.2009)).

Cases interpreting the Career Offender sentencing guidelines definition of "crime of violence" apply equally to the ACCA's definition of "violent felony." United States v. Boose, 739 F.3d 1185, 1187 n.1 (8th Cir. 2014) (court construes ACCA "violent felony" and guidelines "crime of violence" as "interchangeable"); United States v. Meeks, 664 F.3d 1067, 1070-72, 1070 n.1 (6th Cir. 2012) (same analysis applies to ACCA and guidelines); and United States v. Griffin, 652 F.3d 793, 802 (7th Cir. 2011) ("[T]he definition of 'violent felony' under the ACCA is the same as the definition of 'crime of violence' in section 4B1.2 of the guidelines).

## **DEFENDANT'S ROBBERY CONVICTION QUALIFIES AS A VIOLENT FELONY**

Based on the Shepard documents attached to the Defendant's PSR, the Defendant's prior robbery conviction was under the Florida robbery statute, Fla. Stat. § 812.13(1), for strong arm robbery with no weapon.[1] The Eleventh Circuit has held that a prior conviction under this statute "categorically" satisfies the elements clause. See United States v. Lockley, 632 F.3d 1238, 1244 (11th Cir. 2011) (holding, inter alia, that a conviction under the aforementioned Florida robbery statute qualifies as a "violent felony," pursuant to the elements clause of the career offender enhancement [virtually identical to the same clause in the

---

[1] Shepard documents that the Court can rely on in determining whether the Defendant's prior convictions qualify under the ACCA include any charging documents and any explicit factual finding by the trial judge to which the Defendant assented. United States v. Palomino-Garcia, 606 F.3d 1317, 1337 (11th Cir. 2010).

5

ACCA], under the categorical approach, without looking to the specific underlying facts of the conviction).[2]

## **DEFENDANT'S BURGLARY CONVICTION QUALIFIES AS A VIOLENT FELONY**

The Defendant's second prior "violent felony" conviction came under the Florida burglary statute, Fla. Stat. § 810.02. This prior conviction falls under the enumerated offense clause of ACCA definition of violent felony. Only convictions for generic burglaries – those that involve an unlawful or unprivileged entry into, or remaining in, a building or other structure, with the intent to commit a crime therein – are considered to be violent felonies under the enumerated clause. See Taylor v. United States, 495 U.S. 575 (1990). The Court may rely on a charging instrument, such as an information, to determine whether the Defendant's prior burglary conviction was for generic burglary. See United States v. Rainer, 616 F.3d 1212 (11th Cir. 2010) (holding that an indictment and judgment expressly alleged that a defendant burglarized a store and a gas station, thus establishing that the prior convictions fell under the enumerated offense clause of the ACCA violent felony definition). Here, the Shepard approved information for the Defendant's prior burglary conviction, which is attached to the PSR, demonstrates that he was convicted of burglarizing a

---

[2] In a subsequent case, the Eleventh Circuit did not ultimately reach the issue of whether a conviction under the Florida robbery statute before 1997, which could have been a conviction for robbery by sudden snatching, fails to qualify as a violent felony under the elements clause. See United States v. Welch, 683 F.3d 1304, 1311-1312 (11th Cir. 2012).

6

middle school in Tampa, Florida. The information further reveals that the Defendant not only entered the structure, but also that he stole candy from the school during the burglary, and possessed a tire iron as a burglary tool. Because the Defendant's prior burglary conviction satisfies the generic definition of burglary, it qualifies as his second violent felony under the enumerated clause.

Based on the foregoing, the ACC enhancement was appropriately applied to the Defendant and his objection should be denied.

## SECTION 3553(a) FACTORS

1.  The Nature and Circumstances of the Offense

The nature and circumstances of the Defendant's offense militate in favor of a guidelines sentence. See 18 U.S.C. § 3553(a)(1). The Defendant possessed a firearm and drug-trafficking quantities of narcotics in a residential neighborhood in Sanford, Florida. The trial testimony of the Government's witnesses revealed that this part of Sanford is a high-crime area where drug-trafficking is a consistent problem for law enforcement. Further, a law enforcement witness specifically testified to witnessing numerous individuals milling around the Defendant's residence as if they were waiting to purchase narcotics from the Defendant at his home. Indeed, the Defendant's actions and choices in the instant offense reveal that he was contributing to the drug-trafficking activity in this crime plagued part of the Middle District of Florida. Thus, a guidelines sentence is appropriate to reflect the seriousness of his offense.

2. <u>The History and Characteristics of the Defendant</u>

As noted in his PSR, this is not the Defendant's first contact with the criminal justice system. Doc. 49 ¶¶ 39 through 58. In fact, the Defendant has a well-earned criminal history category of VI, based on his numerous criminal convictions, which date back to the 1970s and continue until as recently as 2008. In addition to his three ACCA qualifying convictions mentioned above, the Defendant has numerous prior felony convictions for possession of cocaine, a conviction for failure to appear on bail, a conviction for bribery, and his most recent conviction for possession of a firearm by a convicted felon in 2008. In this most recent conviction, the Defendant and a co-defendant were in possession of firearms in Volusia County, Florida near where a firearm was discharged. <u>Id.</u> at ¶ 58. These prior convictions demonstrate a consistent and disturbing pattern on this Defendant's part for drug trafficking and possessing illegal firearms. Thus, the Defendant's history and characteristics militate in favor of a guidelines sentence. 18 U.S.C. § 3553(a)(1).

3. <u>Just Punishment, Adequate Deterrence, Respect for the Law, and Protection of the Public</u>

A guidelines sentence also meets the sentencing goals of adequate deterrence, respect for the law, protection of the public and just punishment in this case. As noted above, the Defendant has committed numerous drug and firearm related offenses throughout his life and continues to do so even in his late 50s. In addition, the Defendant chose to commit the instant offense in a part of the Middle District of Florida that is particularly crime plagued. Therefore, a

guidelines sentence would serve the sentencing goals of specifically deterring the Defendant from returning to this community and continuing his criminal activities there. Such a sentence will also deter other individuals in this community from acquiring illegal firearms or participating in the illegal drug trade. Lastly, a guidelines sentence will promote respect for the law and protect the public from the Defendant, who, based on his track record, is likely to commit future crimes against society.

## **CONCLUSION**

Based on the totality of the evidence in this case, a guidelines sentence of 262 months imprisonment is appropriate to address the sentencing factors set forth in 18 U.S.C. § 3553(a).

Therefore, the United States respectfully requests that this Court overrule the Defendant's objections to his PSR and sentence him to the Government's recommended guidelines sentence.

    Respectfully submitted,

    A. LEE BENTLEY, III
    Acting United States Attorney

By: *s/ Andrew C. Searle*
    Andrew C. Searle
    Assistant United States Attorney
    Florida Bar No. 0116461
    400 W. Washington Street, Suite 3100
    Orlando, Florida 32801
    Telephone:  (407) 648-7500
    Facsimile:  (407) 648-7643
    E-mail: andrew.searle@usdoj.gov

| | |
|---|---|
| U.S. v. EUGENE CHISOLM | CASE NO. 6:14-cr-282-Orl-28GJK |

## CERTIFICATE OF SERVICE

I hereby certify that on October 14, 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Maria Guzman, Esquire.

*s/ Andrew C. Searle*
Andrew C. Searle
Assistant United States Attorney
Florida Bar No. 0116461
400 W. Washington Street, Suite 3100
Orlando, Florida 32801
Telephone:   (407) 648-7500
Facsimile:    (407) 648-7643
E-mail:   andrew.searle@usdoj.gov