# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**                                                                         **Case No. 6:14-cr-282-Orl-28GJK**

**EUGENE CHISOLM,**

    **Defendant.**

_____/

## DEFENDANT EUGENE CHISOLM'S SENTENCING MEMORANDUM IN SUPPORT OF OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT

Defendant Eugene Chisolm, by and through his undersigned attorney, respectfully submits the following objections to the Presentence Investigation Report ("PSR") filed by Probation on September 10, 2015, Doc. 49. Specifically, Mr. Chisolm objects to Probation's application of the Armed Career Criminal Act ("ACCA") and USSG § 2K2.1(a)(2) to enhance his sentence. As set forth below, once the erroneous sentencing enhancements are removed, Mr. Chisolm's correct guideline calculations yield a total offense level of 20, a criminal history category of V, and a guideline range of 63 to 78 months' imprisonment.

### MR. CHISOLM IS NOT AN ARMED CAREER CRIMINAL

Mr. Chisolm objects to Probation classifying him as an armed career criminal, specifically PSR paragraphs 34, 35, 37, 60, and 90. According to Probation, Mr. Chisolm is an Armed Career Criminal based on the following prior convictions:

    (a) Robbery (Strong Arm), Hillsborough County Circuit Court, Case No. 86-1562CF, a felony crime of violence, sentenced on October 23, 1986,

    (b) Burglary, Hillsborough County Circuit Court, Case No. 86-3340CF, a felony crime of violence, sentenced on May 19, 1986, and

    (c) Sale of Cocaine, Seminole County Circuit Court, Case No. 91-000217CFA, a felony controlled substance offense, sentenced on February 5, 1992.

PSR ¶ 34. As set forth below, these convictions do not qualify as predicate convictions under the ACCA.

Before addressing the legal issues as to why these convictions do not qualify under the ACCA, Mr. Chisolm would first like to note his objection to Probation's factual descriptions of these convictions in the PSR. Neither Probation nor the government has submitted any *Sheppard*-approved[1] documents supporting these factual descriptions. Therefore, these descriptions cannot be considered by the Court and should be stricken. Additionally, Mr. Chisolm would also like to note that it is the government, and not Mr. Chisolm, that bears the burden of establishing that each of these convictions qualifies as a predicate offense for purposes of the ACCA. *United States v. Lee*, 586 F.3d 859, 866 (11th Cir. 2009) ("The prosecution bears the burden of proving that a sentencing enhancement under the ACCA is warranted.").

1. **Mr. Chisolm's 1986 conviction for Florida Robbery is not a "violent felony" under the ACCA.**

Mr. Chisolm's 1986 conviction for Florida robbery[2] does not qualify as a "violent felony" under the ACCA because the pre-1997 Florida crime of robbery is never a "violent

---

[1] *Shepard v. United States*, 544 U.S. 13 (2005).

[2] Probation refers to Mr. Chisolm's robbery conviction as a conviction for "strong arm" robbery. PSR ¶ 34(a). Mr. Chisolm objects to this characterization. Mr. Chisolm was

2

felony" for ACCA sentencing purposes. That crime could be committed by force, but does not have as an element the requisite use of *violent* force necessary to constitute a violent felony. Robbery is also not one of the enumerated felonies. And, as the Supreme Court recently held, the residual clause of the ACCA is unconstitutionally vague, so an enhanced ACCA sentence based on the residual clause is no longer permissible as it would violate the guarantee of due process. *Samuel Johnson v. United States* 135 S. Ct. 2551 (2015) (holding that the residual clause if unconstitutionally vague).

Mr. Chisolm was convicted of robbery in 1986. *See* PSR ¶ 34(a). At the time, robbery was defined in Florida as follows:

> "Robbery" means the taking of money or other property which may be the subject of larceny from the person or custody of another when in the course of the taking there is the use of force, violence, assault, or putting in fear.

Fla. Stat. § 812.13(1) (1986).

   a. **A conviction under Florida's robbery statute does not have as an element the use, attempted use, or threatened use of physical force – that is, *violent* force – against the person of another.**

For a conviction to be a "violent felony" under the elements clause, it must have "as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). Not any physical force will do. The "physical force" has to be "*violent* force – that is, force capable of causing physical pain or injury to another person." *Curtis Johnson v. United States*, 559 U.S. 133, 140 (2010). "Even by itself, the word 'violent' in § 924(e)(2)(B) connotes a substantial degree of force." *Id*.

---

convicted of robbery, not "strong arm" robbery. The "strong arm" label is not only incorrect, it is misleading and prejudicial.

In *Curtis Johnson*, the Supreme Court considered a Florida battery offense, which permitted conviction based on a mere "touching," "no matter how slight." *Id*. at 138. The Court held that the Florida battery offense did not "have as an element the use, attempted use, or threatened use of physical force against the person of another" because, in the context of the ACCA, "the phrase 'physical force' means *violent* force – that is, force capable of causing physical pain or injury to another person," and so mere touching does not suffice. *Id*. at 137–45.

That holding squarely controls the issue before the Court here as well. Just like the Florida battery statute construed in *Curtis Johnson*, Mr. Chisolm's statute of conviction, Fla. Stat. § 812.13 (1986), permits conviction for "robbery" in alternative manners. The statute provides:

> "Robbery" means the taking of money or other property which may be the subject of larceny from the person or custody of another, with intent to either permanently or temporarily deprive the person or the owner of the money or other property, **when in the course of the taking there is the use of force, violence, assault, or putting in fear**.

Fla. Stat. § 812.13(1) (emphasis added). Due to the disjunctive phrasing, Florida courts considering the pre-1997 version of the statute recognized that one distinct manner of committing robbery is by "use of force," and that for a robbery "by force" the "degree of force used is immaterial." *See Montsdoca v. State*, 93 So.157, 159 (Fla. 1922); *McCloud v. State*, 335 So. 2d 257, 258-59 (Fla. 1976) (citing and following the holding in *Montsdoca*, that "[a]ny degree of force suffices to convert larceny into a robbery"); *Johnson v. State*, 612 So. 2d 689, 690 (Fla. 1st DCA 1993) (finding force sufficient to tear scab off victim's finger was enough to sustain conviction for robbery, citing to *Montsdoca* and *McCloud*).

Notably, prior to 1997 – so including 1986, when Mr. Chisolm committed the robbery at issue here – several intermediate appellate courts in Florida had held that a conviction for "robbery by force" would be permissible even upon proof of only the slightest force – that necessary to "snatch" money from another's hands or physical possession. *See, e.g.*, *Andre v. State*, 431 So.2d 1042, 1043 (Fla. 5th DCA 1983) ("the act of 'snatching' the money from another's hands is force and that force will support a robbery conviction"). The law was not clear on this matter in Florida until 1997 (long after Mr. Chisolm's robbery conviction), when the Florida Supreme Court clarified that for a taking to amount to "robbery" in Florida, it must be "accomplished with more than the force necessary to remove the property from the person. Rather, there must be resistance by the victim that is overcome by the physical force of the offender. The snatching or grabbing of property without such resistance by the victim amounts to theft rather than robbery." *Robinson v. State*, 692 So.2d 883, 886-87 (Fla. 1997).[3] In 1986, then, it was clear that, in Florida, "violent," pain-causing, injury-risking force was not required to commit and be convicted of robbery.

Such violent force was also not required under the "putting in fear" manner of committing robbery. While "[t]he fear contemplated by the statute is the 'fear of death or great bodily harm,'" *Smithson v. State*, 689 So. 2d 1226, 1228 (Fla. 5th DCA 1997) (quoting *Brown v. State*, 397 So.2d 1153, 1155 (Fla. 5th DCA 1981)), "the test does not require conduct that is, itself, threatening or forceful." *State v. Baldwin*, 709 So. 2d 636, 637-38 (Fla. 2d DCA 1998). *See* 16A Fla. Jur. 2d § 992 ("the defendant does not have to engage in

---

[3] In 1999, Florida enacted a law that punished "robbery by sudden snatching," apparently in response to the decision in *Robinson*. *See* Fla. Stat. § 893.131; *Nichols v. State*, 927 So. 2d 90, 90–91 (Fla. 1st DCA 2006); *United States v. Welch*, 683 F.3d 1304, 1311 (11th Cir. 2012).

conduct that is, itself, threatening or forceful"); *Flagler v. State*, 189 So. 2d 212 (Fla. 4th DCA 1966) (affirming robbery conviction where defendant opened front passenger side door of stopped car, got into car, and took handbag while never touching the driver and never saying anything). Thus, a defendant who tells a victim "give me your money or I'll touch you with this rag that has poison on it" may well commit the Florida crime of robbery by putting the victim in fear, but has not used, attempted to use, or threatened to use the violent force necessary to come within the ACCA's elements clause.

Given the holding in *Curtis Johnson* that the level of "force" necessary for a state predicate crime to qualify as a "violent felony" under the ACCA is "violent force," Mr. Chisolm's robbery conviction is not an ACCA predicate under the elements clause.

    **b. Robbery is not an enumerated offense.**

The specifically enumerated offenses that constitute a "violent felony" are burglary, arson, extortion, and a crime that involves use of explosives. § 924(e)(2)(B)(ii). Robbery is not a specifically enumerated violent felony.

    **c. Robbery cannot be a "violent felony" under the residual clause since the Supreme Court has held that the residual clause is unconstitutionally vague.**

The Supreme Court recently held the ACCA's residual clause, contained in 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague. *Samuel Johnson v. United States*, 135 S. Ct. 2551 (2015). Pursuant to *Samuel Johnson*, then, "[t]he residual clause is unconstitutionally vague and cannot be applied to define a violent felony under the ACCA." *United States v. Braun*, -- F.3d --, 2015 WL 5201729, at *2 (11th Cir. Sept. 8, 2015).

**2. Mr. Chisolm's 1986 conviction for Florida Burglary is not a "violent felony" under the ACCA.**

Mr. Chisolm's 1986 conviction for Florida burglary does not qualify as a "violent felony" under the ACCA because Florida burglary can never qualify as a "violent felony." First, Florida burglary does not have as an element the use, threatened use, or attempted use of physical force. Second, Florida burglary does not qualify under the enumerated offense clause because it is non-generic and indivisible. Last, Florida burglary does not qualify as a "violent felony" under the residual clause because, as stated above, the portion of the "violent felony" definition was struck down as unconstitutionally vague. *Samuel Johnson*, 135 S. Ct. at 2257 (2015).

At the time of Mr. Chisolm's burglary conviction in 1986, Florida burglary was defined, in pertinent part, as "entering or remaining in a structure or a conveyance with the intent to commit an offense therein . . . ." Fla. Stat. § 810.02 (1986).

### a. Florida burglary does not have as an element the use, attempted use, or threatened use of physical force.

The offense of Florida Burglary does not have as an element the use, attempted use, or threatened use of physical force as an element of the offense. Therefore, it does not qualify as a "violent felony" under the elements clause.

### b. Florida burglary is non-generic and indivisible. Therefore it does not qualify as a burglary under the enumerated offense clause.

In order to determine whether a prior conviction counts as a "violent felony" under the enumerated offense clause, the Court must apply the framework outlined by the Supreme Court in *Taylor v. United States*, 495 U.S. 575 (1990) and *Descamps v. United States*, 133 S.

Ct. 2276 (2013). First, the statute of conviction must be examined using the categorical approach, meaning the Court looks to the elements of the prior conviction—not to the particular facts. *See Descamps*, 133 S. Ct. at 2283. If the statute criminalizes several acts, the Court must assume that the conviction rested upon nothing more than the least of the acts criminalized, and then determine whether those acts are encompassed within the generic federal offense. *See United States v. Howard*, 742 F.3d 1334, 1345 (11th Cir. 2014) (citations omitted). If the statute is generic—if all convictions under the statute would qualify as a violation of the general federal offense—there is no need for further analysis. *Id.* However, if the statute is non-generic, we must determine whether it is divisible or indivisible. *See Descamps*, 133 S. Ct. at 2281–82. A statute is divisible if it sets out one or more elements in the alternative. *Id.* By contrast, a statute is indivisible if it contains a "single, indivisible set of elements." *Id.* If a statute is non-generic and indivisible, that is the end of the inquiry; the prior conviction cannot qualify as a "violent felony" regardless of what the *Shepard* documents may show. *Id.* However, if a statute is non-generic and divisible, a court may apply a "modified" categorical approach, whereby a limited set of *Shepard* documents may be consulted to determine which of a statute's alternative elements formed the basis of the prior conviction. *Id.* at 2283–84. Although *Shepard* documents may be consulted, the modified categorical approach still "retains the categorical approach's central feature: a focus on the elements, rather than the facts, of a crime." *Id.* at 2285. Here, Florida burglary is non-generic and indivisible, so it may never qualify and the *Shepard* documents are irrelevant to the determination.

The generic, contemporary definition of burglary "contains at least the following elements: an unlawful or unprivileged entry into, or remaining in, *a building or other structure*, with intent to commit a crime." *United States v. Howard*, 742 F.3d 1334, 1342 (11th Cir. 2014) (emphasis added). At the time of Mr. Chisolm's burglary conviction, Florida burglary was defined, in pertinent part, as "entering or remaining in *a structure or a conveyance* with the intent to commit an offense therein . . . ." Fla. Stat. § 810.02 (1986) (emphasis added). Thus, Florida burglary may be committed in a "structure" or a "conveyance." Fla. Stat. § 810.02 (1986). Clearly, under the Florida statute, the type of location—a structure or conveyance—is divisible. However, regardless of which location applies, a Florida burglary does not qualify under the enumerated offense clause.

Under Florida law, a "conveyance" is defined as a "motor vehicle, ship, vessel, railroad car, trailer, aircraft or sleeping car . . . ." Fla. Stat. § 810.011(3) (1986). All of these things fall outside the "building or structure" element of generic burglary. *See Howard*, 742 F.3d at 1348. Therefore, the offense of "burglary of a conveyance" can never qualify as a "violent felony" under the enumerated offense clause.

Alternatively, a "structure" is defined as "a building of any kind, either temporary or permanent, which has a roof over it, *together with the curtilage thereof.*" Fla. Stat. § 810.011(1) (1986) (emphasis added). The inclusion of curtilage as an element within the definition of the term "structure" places the Florida offense of "burglary of a structure" outside the "building or structure" element of generic burglary. *James v. United States*, 550 U.S. 192, 207 (2007). In addition, as the Florida Supreme Court has authoritatively held, the definition of "structure" in the Florida Statute is not drafted in the alternative. In other

9

words, there is no separate crime of burglary of curtilage given that curtilage is not a separate location from structure.  The Florida Supreme Court explained:

> [F]or the purposes of the burglary statute, it would not matter whether Baker was in Wilson's secluded back yard or back bedroom; in either circumstance, the courts must consider him to have been within Wilson's dwelling *There is no crime denominated burglary of a curtilage; the curtilage is not a separate location wherein a burglary can occur. Rather, it is an integral part of the structure or dwelling that it surrounds. Entry onto the curtilage is, for the purposes of the burglary statute, entry into the structure or dwelling*. Baker entered Wilson's yard which was protected by a fence and shrubbery where the owner had an expectation of privacy. Even though he did not enter Wilson's house, he did enter Wilson's "dwelling" . . . Baker has clearly and unambiguously done exactly that which the burglary statute prohibits. Accordingly, we approve the district court's decision affirming his conviction and sentence.

*Baker v. State*, 636 So. 2d 1342, 1344 (Fla. 1994).  Because the curtilage element is indivisible and makes the term "structure" broader than the "building or structure" element of generic burglary, the offense of "burglary of a structure" can never qualify as an enumerated offense under the elements clause.  Therefore, the offense of Florida burglary can never be a "violent felony" under the enumerated offense clause.

### c. Florida Burglary cannot be a "violent felony" under the residual clause since the Supreme Court has held that the residual clause is unconstitutionally vague.

As explained above, the Supreme Court recently held the ACCA's residual clause, contained in 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague. *Samuel Johnson v. United States*, 135 S. Ct. 2551 (2015).  Pursuant to *Samuel Johnson*, then, "[t]he residual clause is unconstitutionally vague and cannot be applied to define a violent felony under the ACCA." *United States v. Braun*, -- F.3d --, 2015 WL 5201729, at *2 (11th Cir. Sept. 8, 2015).

### 3. Mr. Chisolm's 1992 conviction for Florida Sale of Cocaine is not a "serious drug offense" under the ACCA.

The government has failed to establish the Mr. Chisolm's 1992 conviction for Florida sale of cocaine qualifies as a "serious drug offense." As mentioned above, it is the government's burden to prove that a prior conviction qualifies as an ACCA predicate. *See United States v. Lee*, 586 F.3d 859, 866 (11th Cir. 2009). Thus far, neither the government nor Probation has submitted any *Sheppard*-approved documents related to the conviction. Without any *Shepard*—approved documents, it is impossible to know what statute Mr. Chisolm was convicted under or whether that statute qualifies as a "serious drug offense." To be sure, it is entirely plausible that Mr. Chisolm was convicted under a statute that a conviction for which would not be considered a "serious drug offense." *See United States v. Shannon*, 631 F.3d 1187, 1189 (11th Cir. 2011) (holding the district court erred by sentencing the defendant as a career offender based on a prior conviction under Fla. Stat. § 893.135, because it could not be determined whether the prior conviction merely involved purchasing cocaine, which would not qualify as a "controlled substance offense" under USSG § 4B1.2(b)). Since the government has failed to established which statutorily-prohibited act Mr. Chisolm was convicted of, the Court must assume that his conviction involved the least prohibited act—that is, purchasing cocaine in violation of Fla. Stat. § 893.135. *See id.* (citing *Curtis Johnson*, 559 U.S. at 137). Because the government has failed to establish Mr. Chisolm's 1992 conviction was anything more than a conviction for purchasing cocaine in violation of Fla. Stat. § 893.135, the government has failed to carry its burden in proving the conviction is a "serious drug offense" under the ACCA. *See id.*

11

## MR. CHISOLM'S PRIOR CONVCITIONS ARE NOT QUALIFYING CONVICTIONS FOR PURPOSES OF USSG § 2K2.1(A)(2).

Mr. Chisolm objects to Probation enhancing his base offense level under USSG § 2K1.1(a)(2), specifically paragraph 27. Section § 2K1.1(a)(2) provides that a base offense level of 24 is assigned if "the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense." The commentary to § 2K1.1 further provides that, for purposes of applying § 2K1.1(a)(2), "use only those felony convictions that receive criminal history points under [USSG] § 4A1.1(a), (b), or (c)." USSG § 2K2.1, comment. (n.10).

Although Probation does not expressly state which convictions it is relying upon for purposes of the § 2K1.1(a)(2) enhancement, Mr. Chisolm presumes Probation is relying upon the same three convictions it relied upon for the ACCA enhancement. Those convictions, however, do not qualify for purposes of the § 2K1.1(a)(2) enhancement because those convictions did not receive criminal history points due to their old age. PSR ¶¶ 45, 46, 53; *see also* USSG § 4A1.2(e) (stating that sentences that were imposed and completed more than 15 years before the commencement of the instant offense are not counted for purposes of computing criminal history points). Because those convictions do not qualify for the § 2K1.1(a)(2) enhancement, Mr. Chisolm's base offense level is appropriately determined by USSG § 2K2.1(a)(6), which provides a base offense level of 14.

## CONCLUSION

For the reasons stated herein, Mr. Chisolm respectfully objects to Probation's application of the ACCA and USSG § 2K2.1(a)(2) to enhance his sentence, specifically paragraphs 27, 34, 35, 37, 60, and 90 of the PSR. Mr. Chisolm respectfully submits that once the erroneous sentencing enhancements are stricken, the proper guideline calculations yield a total offense level of 20, a criminal history category of V, and a guideline range of 63 to 78 months' imprisonment.

Respectfully submitted,

Donna Lee Elm
Federal Defender

| | |
|---|---|
| */s/ Conrad Kahn* | */s/ Maria Guzman* |
| Conrad Kahn | Maria Guzman |
| Federal Defender Attorney | Assistant Federal Defender |
| Appellate Division | Florida Bar Number 053325 |
| Florida Bar Number 104456 | 201 South Orange Avenue, Suite 300 |
| 201 South Orange Avenue, Suite 300 | Orlando, Florida 32801 |
| Orlando, Florida 32801 | Telephone 407-648-6338 |
| Telephone 407-648-6338 | Facsimile 407-648-6095 |
| Facsimile 407-648-6095 | E-Mail: maria_guzman@fd.org |
| E-Mail: conrad_kahn@fd.org | Counsel for Eugene Chisolm |

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing Response with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to Andrew C. Searle, Assistant United States Attorney, Orlando Division, this 14th day of October 2015.

*/s/ Maria Guzman*
Maria Guzman
Assistant Federal Defender